UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:06-cr-2 |
| vs. | ) | |
| | ) | JUDGE COLLIER |
| ANTHONY WIGFALL | ) | MAGISTRATE JUDGE LEE |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on March 9, 2006. At the hearing, defendant entered a plea of guilty to Count One of the Indictment in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

I therefore **RECOMMEND** defendant's plea of guilty to Count One of the Indictment be accepted, that the Court adjudicate defendant guilty of the charges set forth in Count One of the Indictment, and that the written plea agreement be accepted at the time of sentencing. I further recommend that defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

Dated: March 9, 2006

                                                              s/*Susan K. Lee*
                                                              SUSAN K. LEE
                                                              UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

       You have the right to <u>de</u> <u>novo</u> review of the foregoing findings by the district judge.  Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing.  Failure to file objections  within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter.  <u>See</u> 28 U.S.C. §636(b).